# EXHIBIT E

ERIE COUNTY CLERK'S OFFICE

County Clerk's Recording Page

Return to:

Party 1:
MYERS RAYMOND P SR

Party 2:
PHH MORTGAGE CORPORATION

**Book Type: M Book: 14034 Page: 9865**

Page Count: 16
Doc Type: MORTGAGE
Rec Date: 01/12/2022
Rec Time: 01:56:55 PM
Control #: 2022007458
UserID: ERECORD
Trans #: 22005943
Document Sequence Number
MTDM2021028673

**Recording Fees:**

| | |
|---|---|
| RECORDING | $100.00 |
| COE CO $1 RET | $1.00 |
| COE STATE $14.25 GEN | $14.25 |
| COE STATE $4.75 RM | $4.75 |
| MTG AFF $5 | $5.00 |
| MARKOFF FEE | $0.50 |

**Consideration Amount: 5128.34**

| | |
|---|---|
| BASIC MT | $25.50 |
| SONYMA MT | $0.00 |
| ADDL MT/NFTA | $0.00 |
| SP MT/M-RAIL | $12.75 |
| NY STATE TT | $0.00 |
| ROAD FUND TT | $0.00 |

**Total: $163.75**

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING – THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT REQUIRED BY SECTION 319&316-a (5) OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.

Michael P. Kearns
Erie County Clerk

**Prepared By: Felicia Perry**
PHH Mortgage Services
Attn: Modification Processing
PO Box 24737
West Palm Beach, FL 33416-9838

[redacted]

[Space Above This [redacted]

# HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

| | | | |
|---|---|---|---|
| Servicer: | PHH Mortgage Services | | |
| Original Mortgagor / Maker: | RAYMOND P MYERS SR AND ANITA A MYERS | | |
| Marital Status: | MARRIED | | |
| Original Mortgagee / Payee: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS MORTGAGEE AS NOMINEE FOR OWNERSCHOICE FUNDING, INCORPORATED, ITS SUCCESSORS AND ASSIGNS | | |
| Original Amount: | $135,500.00 | | |
| Original Mortgage Date: | SEPTEMBER 21, 2018 | | |
| Date Recorded: | SEPTEMBER 21, 2018 | | |
| Reel / Book: | M13871 | Page / Liber: | 1100 |
| CRFN / Document/Instrument #: | 2018189136 | | |
| AP# / Parcel #: | 144889-169.190-0002-011.0 | | |
| Property Address: | 2766 CLOVERBANK ROAD | | |
| City: HAMBURG | County: ERIE | State: | NEW YORK |

| | |
|---|---|
| Present Holder of the Note and Lien: | PHH MORTGAGE CORPORATION |
| Holder's Mailing Address: (Including county) | PO Box 24737<br>West Palm Beach, FL 33416-9838<br>Palm Beach County |
| Pre Mod Upb | $129,845.41 |
| New Loan Amount | $134,973.75 |
| New Money | $5,128.34 |
| New Tax | $38.25 |

LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Registered Land (OH Only): ☐ YES ☐ NO
AFN# (OH Only): ________

District (NYC Only): ________ Section: ________ Block: ________ Lot: ________

District (MA Only): ________

Lot (DC Only): ________ Square: ________

[redacted]

Investor/Owner: GINNIE MAE/PLAZA HOME MOR
This document was prepared by PHH Mortgage Corporation

**After Recording Return To:**
PHH Mortgage Corporation
Attention: Modification Processing
PO Box 24737
West Palm Beach, FL 33416-9838

FHA Case No [redacted]

________________________ [Space Above This Line For Recording Data]___________________

## HOME AFFORDABLE MODIFICATION AGREEMENT

The debtor(s), RAYMOND P MYERS SR, ANITA A MYERS

GINNIE MAE/PLAZA HOME MOR through the servicer of the underlying mortgage loan agreement, PHH Mortgage Corporation, have agreed to modify the terms of said underlying mortgage loan agreement. GINNIE MAE/PLAZA HOME MOR is the owner of the loan and retains all rights to collect payments as per the underlying mortgage loan agreement. PHH Mortgage Corporation, remains servicer for said underlying mortgage loan agreement.

Borrower ("I"): RAYMOND P MYERS SR, ANITA A MYERS

Lender/Servicer or Agent for Lender/Servicer ("Lender"): PHH Mortgage Corporation
Investor/Owner: GINNIE MAE/PLAZA HOME MOR
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 09/21/2018
Loan Number: [redacted]

Property Address ("Property"): 2766 CLOVERBANK RD
HAMBURG, NY 14075

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") made this 14th day of October, 2021 ("Modification Agreement Date") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of Erie County, NY. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 2766 CLOVERBANK RD, HAMBURG, NY 14075, which real property is more particularly described as follows.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations**. I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   B. I live in the Property as my principal residence, and the Property has not been condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents)

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct and

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so and

   G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

   H. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification**. I understand and acknowledge that:

   A. Time is of the essence under this Agreement.

   B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents

will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents and

C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

[redacted]

3. **The Modification**. If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 12/01/2021 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 01/01/2022.

A. The new Maturity Date will be: 12/01/2051.

B. The modified Principal balance of my Note includes amounts and arrearages that are past due as of the Modification Effective Date (including, but not limited to, unpaid and any previously deferred principal and interest, fees, escrow advances and other costs, collectively, "Unpaid Amounts") excluding any fees, costs and/or corporate advances not added to the account as of the Modification Agreement Date and amounts not added to the New Principal Balance due to investor and/or mortgage insurer restrictions less any amounts paid to the Lender but not previously credited to the Loan. Any amounts not added to the New Principal Balance will remain on the account until paid and will become due when the interest-bearing balance is paid in full or upon maturity as applicable pursuant to State or Federal law. The new Principal balance of my Note will be $134,973.75 (the "New Principal Balance"). The "New Principal Balance" may represent the sum of the "Deferred Principal Balance", (if applicable) the "Deferred Principal Reduction" (if applicable) and the "Interest Bearing Principal Balance" which is $134,973.75. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

Interest at the rate of 3.125% will begin to accrue on the Interest Bearing Principal Balance as of 12/01/2021 and the first new monthly payment on the Interest Bearing Principal will be due on 01/01/2022.

Borrower's payment schedule for the modified Loan is as follows:

| Years | Interest Rate (%) | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 - 30 | 3.125 | 12/01/2021 | $578.19 | $477.82 | $1,056.01 | 01/01/2022 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly. The escrow payment amounts shown are based on current data and represent a reasonable estimate of

expenditures for future escrow obligations; however, escrow payments may be adjusted periodically in accordance with applicable law.

The above terms in this Section 3. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

C. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

D. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. Funds for Escrow Items. I will pay to the Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments the Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its right under the

Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E. That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

F. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibits the exercise of

such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. Except as noted herein, this Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer or transferee of the Property. [redacted]

J. That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

K. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in the first lien position and/or is fully enforceable upon modification and that if, under any circumstances and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), then the terms of this Agreement will not become effective on Modification Effective Date and the Agreement will be null and void.

L. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

M. Mortgage Electronic Registration Systems, Inc. (MERS) is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In the cases where the loan has been registered with MERS who has only legal title to the interests granted by the Borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage Loan.

N. In the event of a future default only, Borrower authorizes Lender, and Lender's successors and assigns, to share its contact information with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative. For purposes of this section, Third Parties are limited to HUD-certified housing counseling agencies or state or local government housing finance agencies.

O. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender

deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this section 4.N. shall be referred to as "Documents". I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement. This Agreement may not be supplemented, changed, modified or omitted except by written document executed by both me and PHH Mortgage Services. This Modification constitutes the entire agreement between me and PHH Mortgage Services and, supersedes all previous negotiations and discussions between me, PHH Mortgage Services and/or PHH Mortgage Services predecessors in interest, and neither prior evidence nor any prior or other agreement shall be permitted to contradict or vary its terms. There are no promises, terms, conditions, or obligations other than those contained in this Agreement.

P. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

## BORROWER ACKNOWLEDGEMENT

**IMPORTANT – Do NOT sign this Agreement unless you are in the presence of a notary. If extenuating circumstances prevent one notary signature, separately signed and notarized agreements will be accepted; however, the agreements must be returned in the same package to PHH Mortgage Corporation.**

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

All individuals on the mortgage, note and the property title must sign this Agreement.

10-28-21
Date — RAYMOND P MYERS SR

10-28-21
Date — ANITA A MYERS

**UNIFORM FORM CERTIFICATE OF ACKNOWLEDGEMENT**

State of New York

County of Erie

On the 28th day of October in the year 2021, before me, the undersigned, personally appeared Raymond P. Myers Sr. & Anita A. Myers, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

Marybeth Leising
Notary Public

Marybeth Leising
Printed Name

MARYBETH LEISING
Notary Public, State of New York
Reg. # 01LE6065704
Qualified in Erie County
My Commission Expires Oct. 2025

My Commission Expires:

Oct. 2025

## LENDER ACKNOWLEDGEMENT

**(For Lender's Signature Only)**

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

PHH Mortgage Corporation

Felicia Perry

Authorized Signer

Felicia Perry NOV 05 2021

Date

State of Florida

County of Palm Beach

On this __ day of NOV 05 2021, before me, the undersigned, a Notary Public in and for said county and state, personally appeared Felicia Perry (personally known to me) or identified to my satisfaction to be the person who executed the within instrument as Authorized Signer of PHH Mortgage Corporation., said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public Hubert Paul

My Commission Expires:

HUBERT PAUL
MY COMMISSION # GG 282016
EXPIRES: December 5, 2022
Bonded Thru Notary Public Underwriters

EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Hamburg, County of Erie and State of New York, being part of Lot No. 35, Township 9, Range 8 of the Holland Land Company's Survey as shown on a Map entitled "Subdivision No. 4 of Mount Vernon" filed in Erie County Clerk's Office under Cover No. 1234, is known as parts of Subdivision Lots Nos. 1234, 1235 and 1236, described as follows:

BEGINNING at a point on the northeast edge of the Cloverbank Road as shown on Map filed in Erie County Clerk's Office under Cover No. 1234; said point being 50 feet southeast of the northeast corner of Cloverbank Road and Stewart Parkway, measured along the edge of the Cloverbank Road; thence southeasterly along the edge of Cloverbank Road, a distance of 42 feet; thence southeasterly and at an interior angle of 162 degrees 49', a distance of 34.74 feet; thence northeasterly at an interior angle of 89 degrees 23', a distance of 129.8 feet; thence northwesterly at an interior angle of 99 degrees 24' 30", a distance of 36.08 feet; thence southwesterly at an interior angle of 98 degrees 23' 30", a distance of 128.94 feet to the point or place of beginning.

Premises improved or to be improved by a 1 or 2 family residence dwelling only

RAYMOND P. MYERS, SR AND ANITA A. MYERS as Mortgagor made a certain mortgage bearing the date of 09/13/2018 in the amount of $135,500.00 to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR OWNERSCHOICE FUNDING, INCORPORATED, A CORPORATION OR ASSOCIATION, ITS SUCCESSORS AND ASSIGNS, as original Mortgagee, recorded on 09/21/2018, as LIBER 13871, FOLIO 1100 OF OFFICIAL RECORDS. (TAXES PAID $1,330.00)

According to public records, the foregoing document was assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR OWNERSCHOICE FUNDING, INCORPORATED, ITS SUCCESSORS AND ASSIGNS to PLAZA HOME MORTGAGE INC, ITS SUCCESSORS AND ASSIGNS by assignment recorded 04/05/2019 as LIBER 13892, FOLIO 984 of Official Records.

According to public records, the foregoing document was assigned from to PLAZA HOME MORTGAGE INC, ITS SUCCESSORS AND ASSIGNS to PHH MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS by assignment recorded 08/30/2021 as LIBER 14012, FOLIO 1619 of Official Records.

PHH MORTGAGE CORPORATION

By: Felicia Perry
Authorized Signer
Date: 05-November-2021

WITNESSES:

Nadia S Cordero

Jorge Marin

STATE OF Florida }
COUNTY OF Palm Beach }

On 05-November-2021, before me, the undersigned Notary Public, personally appeared Felicia Perry, Authorized Signer, of PHH Mortgage Corporation, personally known to me to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, that by her signature on the instrument, the individual(s) or person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the county of Palm Beach, State of Florida.

Witness my hand and official seal.

HUBERT PAUL
MY COMMISSION # GG 282016
EXPIRES: December 5, 2022
Bonded Thru Notary Public Underwriters

Notary – State of Florida
County of Palm Beach
**Hubert Paul**

**Prepared by:** Felicia Perry

Certificate of Preparation

This is to certify that this instrument was prepared by PHH Mortgage Corporation, one of the parties named in the instrument.

Felicia Perry
Felicia Perry
Authorized Signer

LOSS MITIGATION

PHH Mortgage Corporation
Loss Mitigation Department
5720 Premier Park Dr
West Palm Beach, FL 33407
1-800-850-4622